CHANCELA AL-MANSOUR (SBN 164042)
AZADEH HOSSEINIAN (SBN 306141)
ahosseinian@housingrightscenter.org
3255 Wilshire Boulevard, Suite 1150
Los Angeles, CA  90010
Tel.:  (213) 387-8400 x1114
Fax:  (213) 381-8555

ATTORNEYS FOR PLAINTIFF(S)

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JESUS GUTIERREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TERESA GONZALEZ, an individual, and SCOTT A. BURKLE, an individual,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF, AND DAMAGES FOR:**<br><br>I.  The Fair Housing Act, 42 U.S.C. § 3601 *et seq*.;<br>II. California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq*.;<br>III. Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq*.;<br>IV. Disabled Persons Act, Cal. Civ. Code § 54 *et seq*.;<br>V.  Retaliation, Cal. Civil Code § 1942.5;<br>VI. Negligence. |

## I. INTRODUCTION

1. Plaintiff Jesus Gutierrez seeks monetary, declaratory, and injunctive relief against Defendants for discriminating against him on the basis of his disabilities in violation of the federal Fair Housing Act, 42 U.S.C. §§ 3601 et seq.,

-1-
COMPLAINT

and related state laws. Defendants denied Mr. Gutierrez's reasonable accommodation request to allow him to keep a medically-prescribed emotional support animal in his unit. Defendants stated that their denial of Mr. Gutierrez's reasonable accommodation request was due to limitations placed on them by the property insurance policy covering the subject property. Following the denial of his request, Mr. Gutierrez attempted to communicate with Defendants on several occasions in order to obtain additional information about the property insurance policy in an effort to engage Defendants in an interactive process aimed at reaching a mutually agreeable understanding. However, Defendants refused to engage in the interactive process and shortly afterwards served Mr. Gutierrez with a 30-day notice to quit in retaliation for pursuing his reasonable accommodation request.

## II.   JURISDICTION AND VENUE

2.   The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States, specifically the federal Fair Housing Act, 42 U.S.C. §§ 3601-3619 ("FHA").  The state law claims form the same case and controversy as the federal law claims.  Thus, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims.

3.   Defendants reside in this district and all events giving rise to this complaint occurred in this district.  Thus, venue is proper in the Central District of California under 28 U.S.C. § 1391(b) (1) and (2).

4.   This Court has authority to grant declaratory and injunctive relief as well as compensatory and punitive damages pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1), and 28 U.S.C. §§ 2201 and 2202, and Cal. Gov't. Code § 12989.2. The Court also has the authority to award reasonable attorneys' fees and costs to a prevailing party pursuant to 42 U.S.C. § 3613(c)(2) and Cal. Gov't. Code § 12989.2.

### III. PARTIES

5. Plaintiff Jesus Gutierrez is a thirty-four year old individual with physical disabilities, including rheumatoid arthritis and osteoarthritis, and symptomatic emotional distress and anxiety. He has been a tenant at 4742 Live Oak Street, Cudahy, CA 90201 (hereinafter "subject property") since October 1, 2016. The subject property is a six unit residential rental property and is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

6. Upon information and belief, Defendant Teresa Gonzalez owns, operates, and manages the subject property.

7. Upon information and belief, Defendant Scott A. Burkle is Ms. Gonzalez's son-in-law and serves as an ad hoc manager for the property and is the individual who responded to and denied Mr. Gutierrez's reasonable accommodation request.

### IV. FACTUAL ALLEGATIONS

8. Mr. Gutierrez, a Social Security Disability Insurance ("SSDI") recipient, suffers from debilitating rheumatoid arthritis and osteoarthritis. Mr. Gutierrez currently takes medication to reduce the physical symptoms of his disability. However, because of the severity of his condition, Mr. Gutierrez has episodes – called "flare ups" – when he experiences a substantial increase in the intensity of his rheumatoid arthritis symptoms. During these flare ups, which can last anywhere between one day and many months, Mr. Gutierrez experiences unrelenting pain, severe stiffness, and fatigue that makes it impossible for him to gather the energy to walk even a few steps. Depending on the intensity of the flare up, Mr. Gutierrez can become completely immobile and bedridden.

9. The severity of these physical symptoms cause Mr. Gutierrez to experience feelings of inadequacy and hopelessness as well as stress and anxiety. Not only do such feelings impact Mr. Gutierrez's mental health, but they also lead

to more physical function problems, higher disease activity, and poorer overall health.

10. Approximately two years ago, Mr. Gutierrez experienced a debilitating flare up and was bedridden for approximately ten months. During this difficult time, Mr. Gutierrez obtained an emotional support animal – a poodle mix named "Karma" – that had a tremendously beneficial impact on his health.

11. Karma provided Mr. Gutierrez with much needed emotional support during periods of time when he is alone and bedridden. Moreover, Karma encouraged Mr. Gutierrez to become mobile so that he could feed her and walk her. Such low-intensity movement is not only beneficial to Mr. Gutierrez's mental health, but also improves the symptoms of his rheumatoid arthritis and osteoarthritis and assists him with maintaining a healthy weight, which is crucial to his health.

12. In October of 2016, Mr. Gutierrez and his family were required to move from their residence because their former landlord had failed to obtain proper permits for the property. Mr. Gutierrez, whose symptoms had improved, had recently enrolled at the East Los Angeles Community College with hopes of becoming a counselor or rehabilitation specialist. In order to maintain stability for his ten year old daughter and for himself as he pursued his education, Mr. Gutierrez sought the best housing that he could afford.

13. When Mr. Gutierrez and his family moved into the subject property, they abided by the Defendants' no pets policy and left Karma with friends. However, by the end of November, Mr. Gutierrez began to experience rheumatoid arthritis flare ups and contacted the Housing Rights Center (hereinafter "HRC") for assistance.

14. On January 4, 2017, the HRC sent a written reasonable accommodation request letter to Defendant Teresa Gonzalez on behalf of Mr. Gutierrez to allow him to have an emotional support animal on the basis of his

disabilities. The reasonable accommodation request letter was accompanied by a note dated December 20, 2016 from Mr. Gutierrez's doctor, Terence T.Z. Tan, M.D., recommending that Mr. Gutierrez be permitted to have a companion pet.

15. On January 17, 2017, the HRC received a letter from Defendant Scott A. Burkle denying Mr. Gutierrez's reasonable accommodation request. Mr. Burkle stated in the letter that Mr. Gutierrez's request was unreasonable because the property insurance policy covering the subject property requires the owner to have a no pets policy. According to Mr. Burkle, granting Mr. Gutierrez's request for an emotional support animal would place Ms. Gonzalez at risk of losing her property insurance and also at risk of defaulting on her mortgage since the mortgage holder for the subject property requires insurance coverage as a condition of the mortgage.

16. Mr. Burkle's letter also included an insurance renewal letter from Ms. Gonzalez's insurance broker, Don Dixon & Associates Insurance Inc., dated January 16, 2017. The document confirmed a property insurance renewal date of January 31, 2016 and stated that the insurance renewal terms and premiums were based on specific information provided by Ms. Gonzalez, including the term that "no pets are allowed on the premises."

17. On January 17, 2017, HRC contacted Don Dixon & Associates Insurance Inc. asking for a general explanation of the information provided in the insurance renewal letter. Don Dixon & Associates Insurance Inc.'s agent stated that the term "no pets are allowed on the premises" were not restrictions placed by the property insurance provider, but merely answers that Mrs. Gonzalez provided in her application to determine the price of the policy.

18. Based on the information obtained from Don Dixon & Associates Insurance Inc., the HRC spoke with Mr. Burkle on January 18, 2017 to ask for an explanation and to request authorization to speak with the property insurance provider about the specific policy covering the subject property in order to confirm that Mr. Gutierrez's request would place Ms. Gonzalez's property insurance and

mortgage at risk. HRC explained to Mr. Burkle that Mr. Gutierrez was requesting this information in order to engage in an interactive process with the goal of reaching a mutually beneficial arrangement. However, Mr. Burkle refused to engage in the interactive process.

19. On January 25, 2017, HRC sent both Defendants a second written request for a reasonable accommodation on behalf of Mr. Gutierrez to allow him to have an emotional support animal and made several follow-up telephone calls, but received no response from Defendants.

20. On February 15, 2017, Defendants served Mr. Gutierrez with a 30-day notice to vacate in retaliation against Mr. Gutierrez for requesting a reasonable accommodation.

21. On February 16, 2017, HRC sent both Defendants a final written request for a reasonable accommodation requesting that they allow Mr. Gutierrez to have an emotional support animal and that they rescind the retaliatory 30-day notice to vacate.

22. Despite their best efforts to communicate with Defendants, neither Mr. Gutierrez nor the HRC has received any response from Defendants regarding Mr. Gutierrez's reasonable accommodation request. As a result, Mr. Gutierrez has been forced to reside at the unit without his medically-prescribed emotional support animal.

23. Defendants' initiation of an eviction proceeding by service of the 30-day notice to vacate has exacerbated Mr. Gutierrez's stress and anxiety. In addition, Defendants' failure to rescind the 30-day notice to vacate places Mr. Gutierrez's housing at great and obvious risk.

24. By denying Mr. Gutierrez's reasonable accommodation requests to have an emotional support animal in his unit, Defendants have denied Mr. Gutierrez the right to be free from housing discrimination based on his disabilities. Moreover, Defendants' denial for Mr. Gutierrez's reasonable accommodation

requests and subsequent retaliation have caused him emotional distress, including fear of eviction, anxiety, stress, and frustration, all of which exacerbate the symptoms of his disability.

## V. CLAIMS FOR RELIEF

### A. First Claim - Fair Housing Act

25. Plaintiff Jesus Gutierrez incorporates by reference each and every allegation contained in the preceding paragraphs.

26. Defendants, by a pattern or practice of illegal discrimination, have violated the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, by discriminating against Plaintiff, an individual with disabilities, in the following ways:

   a) Refusing to provide a reasonable accommodation in violation of 42 U.S.C. § 3604(f)(3)(B);

   b) Discriminating in the terms, conditions, services, and privileges of tenancy at the subject property, in violation of 42 U.S.C. § 3604(f)(2);

   c) Otherwise making a dwelling unavailable in violation of 42 U.S.C. § 3604(f)(1); and

   d) Interfering with persons in the exercise or enjoyment of rights guaranteed by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

### B. Second Claim – California Fair Employment and Housing Act

27. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs.

28. Defendants violated the California Fair Employment and Housing Act, CAL. GOVT. CODE §§ 12926-95, by discriminating against Plaintiff on the basis of her disability through the following acts:

   a) Refusing to provide a reasonable accommodation as requested in violation of Cal. Govt. Code § 12955 and 12927;

-7-
COMPLAINT

b) Discriminating because of disability in violation of Cal. Gov't Code §12955(a);

c) Otherwise making unavailable or denying a dwelling based on discrimination because of disability in violation of Cal. Gov't Code § 12955(k);

d) Interfering with persons in the exercise or enjoyment of rights guaranteed by the Fair Employment and Housing Act, in violation of Cal. Gov't Code § 12955.

### C. Third Claim-California Disabled Persons Act

29. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs.

30. In committing the acts herein alleged, Defendants have engaged in a practice of unlawful discrimination in the operation of the subject property based on disability against Plaintiff, and therefore have discriminated against Plaintiff in violation of the California Disabled Persons Act, Cal. Civil Code § 54 *et seq*.

### D. Fourth Claim – California Unruh Civil Rights Act

31. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs.

32. Defendants' rental property is a business establishment under the California Unruh Civil Rights Act.

33. As alleged herein, Defendants intentionally discriminated against Plaintiff on the basis of his disability. Defendants' intentional discrimination harmed Plaintiff in violation of the California Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq*.

### E. Fifth Claim – Retaliation

34. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs.

35. In committing the acts herein alleged, Defendants have retaliated against Plaintiff in violation of Cal. Civ. Code § 1942.5(c).

### F. Sixth Claim – Negligence

36. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs.

37. Plaintiff relies on common law negligence, California Evidence Code Section 669, and Cal. Civ. Code § 1714(a).

38. Defendants owed Plaintiff a duty to (1) operate the subject property in a manner that was free from unlawful discrimination, (2) to employ, train, supervise its directors, employees, agents, and themselves to fulfill that duty, and (3) operate the subject property in conformity with accepted industry custom and standards.

39. Defendants breached those duties by discriminating against Mr. Gutierrez on the basis of his disability, denying his reasonable accommodation, refusing to engage in the interactive process, and by serving him with a retaliatory 30-day notice.

40. Defendants' negligence has harmed and continues to harm Plaintiff because he has been denied the full use and enjoyment of her dwelling.

### **PRAYER FOR RELIEF**

Plaintiff prays this Court enter judgment as follows:

1. Declare that Defendants' conduct as set forth above, violate the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq*., the California Fair Employment and Housing Act, CAL. GOV. CODE § 12955, *et seq.,* the California Disabled Persons Act, Cal. Civil Code § 54 *et seq*, and Cal. Civ. Code § 1942.5(c).

2. Order that Defendants provide equal housing opportunities to all prospective and in-place tenants at rental properties owned and operated by

Defendants, engage in comprehensive fair housing training, and submit to monitoring of their practices and records in order to ensure compliance with the fair housing laws.

    3.    Award compensatory damages to Plaintiff.

    4.    Award punitive damages to Plaintiff.

    5.    Award any other such damages as may be allowed under all the above federal and state laws.

    6.    Award to Plaintiff his reasonable attorneys' fees and costs in this action.

    7.    Award all such other relief as the Court deems just.

## JURY DEMAND

    1.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: March 9, 2017                      Respectfully Submitted,

                                                AZADEH HOSSEINIAN
                                                Attorney for Plaintiff(s)