UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                'O'

| Case No. | 2:17-cv-01906-CAS(Ex) | Date | March 16, 2017 |
|---|---|---|---|
| Title | JESUS GUTIERREZ v. TERESA GONZALEZ ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:
Not Present                            Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER (Dkt. 13, filed March 14, 2017)

On March 9, 2017, plaintiff Jesus Gutierrez filed this action against defendants Teresa Gonzalez and Scott A. Burkle. Dkt. 1 ("Compl."). Plaintiff asserts six claims: (1) violation of the Fair Housing Act, 42 U.S.C. §§ 3601 et seq.; (2) violation of the California Fair Employment and Housing Act, Cal. Govt. Code §§ 12955 et seq.; (3) violation of the California Disabled Persons Act, Cal. Civil Code §§ 54 et seq.; (4) violation of the Unruh Civil Rights Act, Cal. Civil Code §§ 51 et seq.; retaliation in violation of California Civil Code § 1942.5(c); and (6) negligence. Id. This case arises from defendants' alleged refusal to permit plaintiff to have an emotional support animal in his apartment.

On February 15, 2017, plaintiff was served with a 30-notice to vacate his apartment, which is owned by Gonzalez. Id. ¶¶ 6, 20; dkt. 2-2 Ex. 2.

On March 14, 2017, plaintiff filed an ex parte application for a temporary restraining order ("TRO"). Dkt. 13 ("Motion"). Plaintiff requests that the Court enjoin Gonzalez from commencing eviction proceedings against him in state court. Id. at 1.

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01906-CAS(Ex) | Date | March 16, 2017 |
| Title | JESUS GUTIERREZ v. TERESA GONZALEZ ET AL. | | |

the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).

Irrespective of the merits of plaintiff's claims, the Court concludes that plaintiff has not demonstrated that he is likely to suffer irreparable injury that justifies immediate, ex parte relief. Plaintiff does not allege that eviction proceedings have been commenced. In addition, the federal issues that plaintiff raises in his complaint and his request for a TRO may properly be raised as defenses to any eviction proceeding, should one commence. Accordingly, the Court **DENIES without prejudice** plaintiff's ex parte application for a temporary restraining order.

IT IS SO ORDERED.

Initials of Preparer     00 : 00
                          CMJ