UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                'O'

| | |
|---|---|
| Case No. | 2:17-cv-01906-CAS(Ex)          Date  April 26, 2017 |
| Title | JESUS GUTIERREZ v. TERESA GONZALEZ ET AL. |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS) - DEFENDANT SCOTT A. BURKLE'S
MOTION TO DISMISS (Dkt. 18, filed March 29, 2017)

The Court finds this motion appropriate for decision without oral argument. See
Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the hearing date of May 1, 2017 is
vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION

On March 9, 2017, plaintiff Jesus Gutierrez filed this action against defendants
Teresa Gonzalez and Scott A. Burkle. Dkt. 1 ("Compl."). Plaintiff asserts six claims:
(1) violation of the Fair Housing Act, 42 U.S.C. §§ 3601 et seq.; (2) violation of the
California Fair Employment and Housing Act, Cal. Govt. Code §§ 12955 et seq.;
(3) violation of the California Disabled Persons Act, Cal. Civil Code §§ 54 et seq.;
(4) violation of the Unruh Civil Rights Act, Cal. Civil Code §§ 51 et seq.; retaliation in
violation of California Civil Code § 1942.5(c); and (6) negligence. Id. This case arises
from defendants' alleged refusal to permit plaintiff to have an emotional support animal
in his apartment.

On March 16, 2017, the Court denied plaintiff's an ex parte application for a
temporary restraining order that would have enjoined Gonzalez from commencing
eviction proceedings against him in state court. Dkt. 16.

On March 29, 2017, Burkle filed the instant motion to dismiss plaintiff's claims.
Dkt. 18 ("Motion"). Plaintiff filed his opposition on April 10, 2017. Dkt. 24 ("Opp'n").
Burkle has not filed a reply.

**CIVIL MINUTES – GENERAL**             **'O'**

| Case No. | 2:17-cv-01906-CAS(Ex) | Date | April 26, 2017 |
|---|---|---|---|
| Title | JESUS GUTIERREZ v. TERESA GONZALEZ ET AL. | | |

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges the following facts.

Plaintiff suffers from debilitating rheumatoid arthritis and osteoarthritis, the severity of which causes plaintiff to experience feelings of stress, anxiety, inadequacy, and hopelessness.  Compl. ¶¶ 8–10.  Approximately two years ago, plaintiff obtained an emotional support animal—a dog named Karma—that had a beneficial impact on his health.  Id. ¶ 10.

On October 1, 2016, plaintiff—along with his girlfriend and their ten-year old daughter—moved into a residence at 4742 Live Oak Street, Cudahy, California (the "subject property").  Id. ¶¶ 5, 12.  Gonzalez owns, operates and manages the subject property, while Burkle serves as an ad hoc manager for the property.  Id. ¶¶ 6–7.  When plaintiff moved into the subject property, he left Karma with friends because defendants prohibit tenants from having pets.  Id. ¶ 13.  However, when plaintiff experienced a flare up of his rheumatoid arthritis symptoms in November 2016, plaintiff contacted the Housing Rights Center ("HRC") for assistance with requesting a reasonable accommodation to allow him to have an emotional support animal at the subject property. Id. ¶¶ 13–14.

On January 4, 2017, HRC sent a letter to Gonzalez requesting that plaintiff be permitted to have his companion animal in the subject property as a reasonable accommodation for his physical disabilities.  Id. ¶ 14.  The letter was accompanied by a December 20, 2016 note from Dr. Terence T.Z. Tan, recommending that plaintiff be permitted to have a companion pet.  Id.

On January 17, 2017, HRC received a letter from Burkle denying plaintiff's request for a companion animal as an accommodation for his disability.  Id. ¶ 15.  Burkle stated that plaintiff's request was unreasonable because the insurance policy covering the subject property required the owner to have a "no pets" rule.  Id.  According to Burkle, granting plaintiff's request would place Gonzalez at risk of losing her property insurance and, therefore, at risk of defaulting on her mortgage, which requires insurance coverage as a condition of the mortgage.  Id.  Burkle attached to his note a letter from the property insurer, Don Dixon & Associates Insurance, Inc. ("Don Dixon"), which stated that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:17-cv-01906-CAS(Ex) | Date | April 26, 2017 |
|---|---|---|---|
| Title | JESUS GUTIERREZ v. TERESA GONZALEZ ET AL. | | |

renewal terms for the insurance policy and the premiums were based on the no pets rule, among other features of the property.  Id. ¶ 16.

On or about January 17, 2017, HRC contacted Don Dixon to ask for an explanation of its insurance renewal letter.  Id. ¶ 17.  The Don Dixon agent told HRC that the terms of the insurance policy, including the no pets rule, were not restrictions imposed by the insurance provider, but were based on answers that Gonzalez provided in response to questions from the insurer.  Id.

On January 18, 2017, HRC asked Burkle for authorization to speak with the property insurance provider about the specific policy covering the subject property to confirm that plaintiff's request would place Gonzalez's property insurance and mortgage at risk.  Id. ¶ 18.  HRC told Burkle that plaintiff sought such information to engage in the interactive process with the goal of reaching a mutually beneficial arrangement.  Id. Burkle allegedly refused to engage in the interactive process.  Id.

On or about January 25, 2017, HRC sent defendants a second written request for a reasonable accommodation on behalf of plaintiff, and made several follow-up telephone calls, but received no response.  Id. ¶ 19

On February 15, 2017, plaintiff was served with a 30-notice to vacate, allegedly in retaliation for requesting a reasonable accommodation.  Id. ¶ 20.  This has exacerbated plaintiff's stress and anxiety and placed plaintiff's housing at risk.  Id. ¶ 23.

Plaintiff continues to reside at the subject property without his medically-prescribed emotional support animal.  Id. ¶ 22.

## III.    LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:17-cv-01906-CAS(Ex) | Date | April 26, 2017 |
|---|---|---|---|
| Title | JESUS GUTIERREZ v. TERESA GONZALEZ ET AL. | | |

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Federal Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:17-cv-01906-CAS(Ex) | Date | April 26, 2017 |
|---|---|---|---|
| Title | JESUS GUTIERREZ v. TERESA GONZALEZ ET AL. | | |

"fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Plaintiff's Claims under the FHA and FEHA

The Fair Housing Act ("FHA") makes it unlawful to "discriminate against any person . . . in the provision of services or facilities in connection with [his] dwelling, because of a handicap" of that person or any person associated with that person.[1] See 42 U.S.C. § 3604(f)(2). Discrimination encompasses "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Id. § 3604(f)(3)(B). Therefore, the FHA "imposes an affirmative duty upon landlords reasonably to accommodate the needs of handicapped persons not only with regard to the physical accommodations, but also with regard to the administrative policies governing rentals." Giebeler v. M & B Assocs., 343 F.3d 1143, 1146–47 (9th Cir. 2003) (citation and quotation marks omitted).

> To make out a claim of discrimination based on failure to reasonably accommodate, a plaintiff must demonstrate that (1) he suffers from a handicap as defined by the FHAA; (2) defendants knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap "may be necessary" to afford plaintiff an equal opportunity to use

---

[1] The provisions of California's Fair Employment and Housing Act ("FEHA") involved in this case protect substantially the same rights as the FHA provisions at issue and are subject to the same analysis. Walker v. City of Lakewood, 272 F.3d 1114, 1131 n.8 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:17-cv-01906-CAS(Ex) | Date | April 26, 2017 |
|----------|-----------------------|------|----------------|
| Title | JESUS GUTIERREZ v. TERESA GONZALEZ ET AL. | | |

and enjoy the dwelling; and (4) defendants refused to make such accommodation.

Id. at 1147. "Ordinarily, an accommodation is reasonable under the FHAA when it imposes no fundamental alteration in the nature of the program or undue financial or administrative burdens." Id. at 1157 (quotation marks omitted). However, "[i]mposition of burdensome policies, including financial policies, can interfere with disabled persons' right to use and enjoyment of their dwellings, thus necessitating accommodation." Id. at 1155.

Burkle argues that plaintiff fails to state a claim under the FHA or FEHA because (a) the complaint does not allege any facts that state that plaintiff's request for accommodation was reasonable and (b) the January 17, 2017 letter "clearly states" that Gonzalez was the sole decisionmaker and Burkle has "no legal authority" regarding Gonzalez's rental property. Motion at 3–5. The Court will address these arguments in turn.

Plaintiff alleges that, on January 4, 2017, the HRC sent a "written reasonable accommodation request letter" on plaintiff's behalf to Gonzalez. Compl. ¶ 14. In Burkle's January 17, 2017 letter, Burkle explained that plaintiff's request was denied because permitting an animal on the property would violate Gonzalez's insurance policy for the property, thereby putting Gonzalez at risk of defaulting on her mortgage (which required insurance). Id. ¶ 15. However, plaintiff alleges that the property insurer's representative stated that Gonzalez's "no pets" rule was *not* a restriction on the property imposed by the insurance provider, but an answer that Gonzalez provided in determining the price of the insurance policy. Id. ¶ 17. Even if accommodating plaintiff's alleged need for a companion animal would increase Gonzalez's insurance premiums, "exceptions to neutral policies may be mandated by the FHAA where disabled persons' disability-linked needs for alterations to the policies are essentially financial in nature." McGary v. City of Portland, 386 F.3d 1259, 1263 (9th Cir. 2004). Therefore, drawing all reasonable inferences in favor of plaintiff, the Court finds that plaintiff adequately pleads that his request for an accommodation was reasonable.

On January 17, 2017, plaintiff alleges that the HRC received a letter "from Defendant Scott A. Burkle denying Mr. Gutierrez's reasonable accommodation request." Id. ¶ 15. Drawing all reasonable inferences in favor of plaintiff, the Court finds that

plaintiff adequately pleads that Burkle himself denied plaintiff's accommodation request.[2]

Accordingly, the Court finds that plaintiff has adequately alleged claims under the FHA and FEHA. The Court therefore **DENIES** Burkle's motion to dismiss plaintiff's FHA and FEHA claims.

### B.    Plaintiff's Claim under the California Disabled Persons Act

The California Disabled Persons Act ("DPA") provides:

> A person renting, leasing, or otherwise providing real property for compensation shall not refuse to make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises.

Cal. Civ. Code § 54.1(b)(3)(B). "This language closely parallels the language defining a 'reasonable accommodation' claim under the FEHA. In light of these similarities, this court finds, as another court in this district recently did, that the same four elements under the FEHA criteria can establish a refusal to provide reasonable accommodation claim for the DPA." Smith v. Powdrill, No. 12-cv-06388-DDP-RZ, 2013 WL 5786586, at *10 (C.D. Cal. Oct. 28, 2013) (citation omitted); see also Rodriguez v. Morgan, No. 09-cv-8939-GW-CW, 2012 WL 253867, at *5 (C.D. Cal. Jan. 26, 2012) ("While there are no reported cases as to the elements of a reasonable accommodation claim based on the DPA in the context of housing, given the similarity of the language in Cal. Civil Code § 54.1

---

[2] The Court may not review the language of the January 17, 2017 letter, which was not attached to plaintiff's complaint. Nonetheless, the Court notes that plaintiff *did* submit a copy of the January 17, 2017 letter in support of his motion for a TRO. See dkt. 13-3 Ex. 6. In that letter, Burkle appeared to represent that he acted as Gonzalez's agent: "This letter is in response to a letter you sent to Teresa Gonzalez on January 04, 2017 regarding Jesus Gutierrez and his request for a companion animal. I am Mrs. Gonzalez['s] son in law and will be assisting her in this matter." Id. Furthermore, the Court may not consider the declarations that Burkle submits in support of his motion. Dkts. 20, 21. Burkle and his coworker Lourdes Acosta assert that Burkle clarified to HRC that Burkle was not the owner of the apartment and could not make any decisions. See dkts. 20, 21.

(under the DPA) and Cal. Gov't Code § 12927(c)(1) (under the FEHA), this Court would find that the same four elements under the FEHA criteria can establish a refusal to provide reasonable accommodation claim for the DPA."). Because the Court has already concluded that plaintiff adequately alleges his claim under FEHA, plaintiff likewise alleges sufficient facts to support a claim under the DPA. The Court therefore **DENIES** Burkle's motion to dismiss plaintiff's DPA claim.

### C. Plaintiff's Unruh Act Claim

The Unruh Act provides in relevant part:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b). Civil Code § 51.5 provides that "[n]o business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state on account of any characteristic listed . . . in [Section 51(b).]" Id. § 51.5(a). To sustain a claim for disability discrimination under the Unruh Act, a plaintiff must establish that:

> (1) [s]he was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) [her] disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.

Wilkins-Jones v. Cty. of Alameda, 859 F. Supp. 2d 1039, 1048 (N.D. Cal. 2012).

Burkle argues that plaintiff fails to state a claim under the Unruh Act because plaintiff has not alleged facts showing that: (a) Burkle denied plaintiff's accommodation; (b) Burkle's conduct was motivated by plaintiff's disability; or (c) Burkle's conduct was a substantial factor in causing plaintiff's harm. Motion at 7.

As described above, the Court has already concluded that plaintiff adequately pleads that Burkle denied plaintiff's accommodation request.

In response to Burkle's second argument, plaintiff contends that no showing of intent is required to assert an Unruh Act claim. Opp'n at 10–11. The California Supreme Court has concluded that a plaintiff is not required to allege intentional discrimination to establish an Unruh Act violation that is based on a violation of the Americans with Disabilities Act ("ADA"). Munson v. Del Taco, Inc., 208 P.3d 623, 634 (Cal. 2009). However, the Munson court made clear that it reached this conclusion because, by adopting "the full expanse of the ADA, it must follow, that the same standards for liability apply under both Acts." Id. at 630. Therefore, "to establish a violation of the Unruh Act independent of a claim under the Americans with Disabilities Act ("ADA"), [a plaintiff] must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act." Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc., 742 F.3d 414, 425 (9th Cir. 2014) (quotation marks omitted); see also Cohen v. City of Culver City, 577 F. App'x 745, 746 (9th Cir. 2014) ("If his Unruh Act claim is separate from an ADA claim, however, the plaintiff must prove intentional discrimination." (citing Wilkins-Jones, 859 F. Supp. 2d at 1051)).

Plaintiff does not assert an ADA claim in this case. Therefore, plaintiff must plead intentional discrimination on the basis of his disability to allege an Unruh Act claim. Under the Unruh Act, "willful, affirmative misconduct" constitutes intentional discrimination. Greater Los Angeles Agency on Deafness, 742 F.3d at 425 (citing Koebke v. Bernardo Heights Country Club, 115 P.3d 1212, 1228 (Cal. 2005)). Plaintiff alleges that defendants served him with a 30-day notice to vacate because plaintiff requested a reasonable accommodation. Compl. ¶ 20. Taking these allegations as true, the Court finds that plaintiff alleges that defendants actively retaliated against him because of his disability. Such conduct constitutes "willful, affirmative misconduct" on the basis of plaintiff's protected status. Accordingly, the Court finds that plaintiff adequately pleads a violation of the Unruh Act premised on disability discrimination. The Court therefore **DENIES** Burkle's motion to dismiss plaintiff's Unruh Act claim.

## D.    Plaintiff's Retaliation Claim

Under California law, it is unlawful for a landlord to bring "an action to recover possession . . . for the purpose of retaliation against the lessee because he or she . . . has lawfully and peacefully exercised any rights under the law." Cal. Civ. Code § 1942.5(c);

see <u>Feldman v. 1100 Park Lane Assocs.</u>, 160 Cal. App. 4th 1467, 1492 (2008) ("[A] retaliatory eviction occurs when the landlord attempts to evict the tenant because of the tenant's exercise of certain rights as set forth in Civil Code section 1942.5, subd. (c)"). Section 1942.5(c) "has been denominated a 'boilerplate' provision because of its broad prohibition against retaliation by a landlord when a tenant has exercised valid legal rights under the law." <u>Barela v. Superior Court</u>, 636 P.2d 582, 585 (Cal. 1981).

Burkle argues that plaintiff fails to state any facts supporting that Burkle subjected plaintiff to an adverse action because of plaintiff's participation in a protected activity. Motion at 8. Plaintiff alleges that, on February 15, 2017, "Defendants served Mr. Gutierrez with a 30-day notice to vacate in retaliation against Mr. Gutierrez for requesting a reasonable accommodation." Compl. ¶ 19. The Court finds that plaintiff adequately pleads that Burkle took an adverse action by causing plaintiff to be served with a notice to vacate and that Burkle did so on the basis of plaintiff's exercise of his valid legal rights, namely plaintiff's request for a reasonable accommodation. Accordingly, the Court **DENIES** Burkle's motion to dismiss plaintiff's retaliation claim.

### E.    Plaintiff's Negligence Claim

"The elements of a cause of action for negligence are . . . (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." <u>Ladd v. Cty. of San Mateo</u>, 911 P.2d 496, 498 (Cal. 1996) (quotation marks omitted). Several courts have recognized that the failure of a landlord or his agent to reasonably accommodate a tenant's disability constitutes a breach of duty imposed by the FHA. <u>See, e.g.</u>, <u>S. California Hous. Rights Ctr. v. Los Feliz Towers Homeowners Ass'n</u>, 426 F. Supp. 2d 1061, 1069 (C.D. Cal. 2005) ("Whether Defendants breached their duty depends on whether a reasonable accommodation may have been necessary for [plaintiff] to use and enjoy [his] dwelling and whether Defendants refused to provide such an accommodation."); <u>Hous. Rights Ctr. v. Snow</u>, No. 05-cv-4644-SGL-JTL, 2007 WL 91148, at *3 (E.D. Cal. Jan. 3, 2007) ("Defendants' violation of the federal Fair Housing Act also constitutes negligence because Defendants owed Plaintiff and the general public a duty to operate the management of the subject property in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline themselves and their agents to fulfill that duty."); <u>McAlister v. Essex Prop. Trust</u>, 504 F. Supp. 2d 903, 911 (C.D. Cal. 2007) ("Defendants do not contest that failing to reasonably accommodate imposes derivative liability for negligence.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-01906-CAS(Ex) | Date | April 26, 2017 |
|---|---|---|---|
| Title | JESUS GUTIERREZ v. TERESA GONZALEZ ET AL. | | |

Burkle argues that plaintiff does not allege any facts in support of her negligence claim. Motion at 9. Plaintiff however alleges that defendants owed plaintiff a duty: "(1) [to] operate the subject property in a manner . . . free from unlawful discrimination; (2) to employ, train, and supervisors its directors, employees, and agents, and themselves to fulfill that duty, and (3) [to] operate the subject property in conformity with accepted industry custom and standards." Compl. ¶ 38. Plaintiff further alleges that defendants breached those duties by discriminating against plaintiff on the basis of his disability, denying his reasonable accommodation request, refusing to engage in the interactive process, and retaliating against him by service him with a notice to vacate. Id. ¶ 39. Finally, plaintiff contends that this conduct harmed and continues to harm him because he is being denied the full use and enjoyment of his dwelling. Id. ¶ 40. Drawing all reasonable inferences in favor of plaintiff, the Court finds that plaintiff adequately pleads facts to sustain a negligence claim against Burkle. Accordingly, the Court **DENIES** Burkle's motion to dismiss plaintiff's negligence claim.

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** Burkle's motion to dismiss plaintiff's claims.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |